IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. CAFFREY, | ) | CASE NO. 5:09 CV 427 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE O'MALLEY |
| v. | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule. On May 22, 2009, Defendant moved to remand this case pursuant to sentence six of Section 205(g) of the Act. (Doc. 10). Sentence six of Section 205(g) provides in relevant part: "[t]he Court may, on motion from the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g). As noted by Defendant, the Joint Conference Committee of Congress, in commenting upon the 1980 Amendments to the Act, stated that in some cases procedural difficulties necessitate, and therefore constitute "good cause" for, remand under sentence six. The Committee stated:

> there are sometimes procedural difficulties which prevent the Secretary from providing the Court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example . . . the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the Courts may review under 205(g) of the Act.

P.L. 96-265, Social Security Disability Amendments of 1980, House Conference Report No. 96-944,

96th Cong., 2d Sess. 59 (May 13, 1980).

>Defendant sets forth the following as the basis for remand:
>
>The Defendant has been informed by the Office of Disability Adjudication and Review ("ODAR") that the claim file(s) of the Administrative Law Judge's decision dates May 27, 2008, cannot be located at this time. As such ODAR seeks a pre-answer remand under sentence six of 42 U.S.C. § 405(g) in order that they may work with Plaintiff's attorney in attempting to reconstruct the file in this case. Upon receipt of this Court's order, the Appeals Council will review the materials submitted by Plaintiff's representative and, if all the materials including the hearing recording are complete, the certified administrative record will be prepared. If not, the Appeals Council will remand the case to an Administrative Law Judge for reconstruction of the administrative record and to hold another de novo hearing and issue a new decision. Therefore, good cause exists to support this request for remand.

(Doc. 10, memorandum in support, at 2).

The Magistrate Judge finds that Defendant has established "good cause" for remand under sentence six of 42 U.S.C. § 405(g) and therefore recommends that this case be remanded for further administrative action pursuant to that portion of the Act.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: <u>May 26, 2009</u>.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).